IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael A. Leon,                )   CV 10-587-TUC-DCB
                                )
         Plaintiff,             )   **ORDER**
                                )
vs.                             )
                                )
                                )
Danaher Corporation, et. al.,   )
                                )
         Defendants.            )
                                )
_____)

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and the local rules of practice of this Court, LRCiv 72.1, for a Report and Recommendation on the Defendants' Motion to Dismiss. Before the Court is the Magistrate Judge's Report and Recommendation (R&R) on the Defendants' Motion to Dismiss. The Magistrate Judge recommends to the Court that the Motion to Dismiss should be granted and the action terminated. The Plaintiff filed Objections to the R&R and the Defendants filed a Response to the Objections.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**PLAINTIFF'S OBJECTIONS**

Plaintiff generally objects to all of the legal and evidentiary

conclusions contained in the Report and Recommendation. Plaintiff clarifies to the Court that he is a "severely disabled pro se litigant receiving social security benefits." (Objection at 1.) Plaintiff further asserts that he should be allowed to file an amended complaint to attempt to cure the defects.

**DISCUSSION**

Before the Court is Plaintiff's First Amended Complaint. In addition, the EEOC dismissed Plaintiff's claim and notified him of his right to file a lawsuit. Defendants contended that the named individual employees were not subject to liability in their individual capacities under Title VII and the ADA. Defendants further contended that Plaintiff's claims were untimely, unexhausted and legally insufficient.

The R&R recommends, as follows:

> For the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed as time-barred with regard to claims arising up to and including his May 11, 2007 termination. Additionally, Plaintiff's First Amended Complaint should be dismissed for failure to state a claim with regard to Plaintiff's allegations of post-employment retaliation consisting of the posting of his image and security measures, including warnings to employees, allegedly taken by Defendants concerning Plaintiff and his son. Further, Plaintiff's First Amended Complaint should be dismissed for failure to exhaust administrative remedies with regard to Plaintiff's post-employment claim of discrimination and retaliation concerning allegations that Securaplane refused to contact him after receipt of his resume for job openings in 2010. Alternatively, with regard to allegations that Defendants retaliated against Plaintiff by refusing to contact him after receipt of his resume for job openings in 2010, the First Amended Complaint should be dismissed for failure to state a claim.

In the Ninth Circuit a plaintiff must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Noll v. Carlson,* 809 F.2d 1446, 1447 (9th Cir. 1987), *superseded in part by* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv.,* 911 F.2d 242, 247 (9th Cir. 1991) ("We have held that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

Plaintiff filed his First Amended Complaint after receipt of Defendants' Motion to Dismiss. The record is clear that Plaintiff's claims arising during his employment up to and including his May 11, 2007 termination are time-barred and, thus, cannot be cured by further amendment of the complaint. Additionally, amendment of the First Amended Complaint could not cure Plaintiff's claims of post-employment discrimination given that: (1) his claims concerning the posting of his image at Securaplane and other security measures do not fall within the purview of the anti-discrimination and/or anti-retaliation provisions of Title VII and the ADA; and (2) he has not exhausted administrative remedies concerning his claim that Securaplane's failure to contact him upon receipt of his resume in 2010 was discriminatory or retaliatory, thus rendering the Court without jurisdiction over such a claim. Alternatively, even if the EEOC Charge somehow encompassed Plaintiff's claim of post-employment retaliation, further amendment of the complaint cannot cure the deficiencies regarding such claim given Plaintiff's contention that the alleged retaliation was based upon his involvement in whistleblower activity and complaints all regarding safety issues and not activity protected under Title VII or the ADA. Under the instant circumstances, further amendment of Plaintiff's complaint would be futile. *See Lopez,* 203 F.3d at 1127; *Noll*, 809 F.2d

at 1448 (*citing Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980)). Therefore, Plaintiff's First Amended Complaint should be dismissed without leave to amend.

(R&R at 20 - 22.)

Pursuant to Fed. R. Civ. P. 12(b), the district court may dismiss a complaint for failure to state a claim upon which relief can be granted, failure to effect proper service, lack of venue or personal jurisdiction, or lack of federal subject matter jurisdiction. *See Whittington v. Whittington*, 733 F.2d 620, 621 (9th Cir. 1984).

A pro se litigant's pleadings should be liberally construed, and the litigant should be given leave to amend with instructions as to curing the deficiency unless the defects cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1124, 1127-29 (9th Cir. 2000) (en banc). The district court, in exercising its inherent power to control its docket, may impose sanctions, including the dismissal of a case. *See Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). However, where deficiencies in a second amended complaint are readily curable with some guidance from the court, dismissal without leave to amend is an abuse of discretion. *See id.*

Here, the Court agrees with the R&R that any attempt to cure would be futile. The infirmity in Plaintiff's action is not inartful pleading, but incurable procedural errors. The R&R is factually thorough and legally accurate.

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 30) in its entirety. The Objections (Doc. 37) raised by the Plaintiff are **OVERRULED**.

1    IT IS FURTHER ORDERED that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 13) is GRANTED and this action is terminated. A Final Judgment shall enter separately.[1]

DATED this 30th day of August, 2011.

David C. Bury
United States District Judge

---

[1] Although the filing of a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal, the district court's jurisdiction is not affected when a litigant files a notice of appeal from an unappealable order. Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007). In such a case, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." Ruby v. Secretary of the United States Navy, 365 F.2d 385, 389 (9th Cir. 1966). The R&R was not an appealable final order. See 28 U.S.C. § 1291. In addition, the R&R was not an interlocutory order generally appealable under 28 U.S.C. § 1292(a), and the Court did not provide the statement necessary to make the Order an interlocutory order appealable under 28 U.S.C. § 1292(b) nor was the motion to file the appeal in forma pauperis granted. The Notice of Appeal refers to a non-appealable interlocutory order and, therefore, it did not divest the Court of jurisdiction or preclude resolution of the pending R&R.

- 5 -